**BROWN & CONNERY, LLP**
William M. Tambussi, Esquire
Jonathan L. Triantos, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Co-Counsel for The Cooper Health System*

**COZEN O'CONNOR, P.C.**
James H. Heller, Esquire
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
(215) 665-2000
*Co-Counsel for The Cooper Health System*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE COOPER HEALTH SYSTEM, A NEW JERSEY NON-PROFIT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MAXIS HEALTH SYSTEM,<br><br>Defendant,<br><br>-and-<br><br>MAXIS HEALTH SYSTEM and TRINITY HEALTH,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>THE COOPER HEALTH SYSTEM, A NEW JERSEY NON-PROFIT CORPORATION,<br><br>Counterclaim Defendant. | Case No.: 1:18-cv-00702-RMB-AMD<br><br><br><br><br><br>**THE COOPER HEALTH SYSTEM'S ANSWER TO MAXIS HEALTH SYSTEM AND TRINITY HEALTH'S COUNTERCLAIM WITH SEPARATE AND AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Plaintiff/Counterclaim Defendant, The Cooper Health System, a New Jersey Non-Profit Corporation ("Cooper"), by and through its attorneys, hereby answers the

Counterclaim of Defendant/Counterclaim Plaintiff, Maxis Health System ("Maxis"), and Counterclaim Plaintiff, Trinity Health ("Trinity"), as follows:

1.    The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

2.    The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

3.    Admitted in part and denied in part.  It is admitted only that Cooper is a New Jersey non-profit corporation.  The remaining allegations in this paragraph are denied.  By way of further response, Cooper's principal place of business is located at One Cooper Plaza, Camden, New Jersey 08103.

4.    The allegations in this paragraph contain a conclusion of law to which no response is required.  To the extent a response is required, it is admitted only that the Court has personal jurisdiction over Cooper.  The remaining allegations in this paragraph are denied.

5.    The allegations in this paragraph contain a conclusion of law to which no response is required.  To the extent a response is required, it is admitted only that the Court has subject matter jurisdiction over this action.  The remaining allegations in this paragraph are denied.

BROWN & CONNERY, LLP
Westmont, NJ 08108

6.      The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

7.      The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

8.      The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

9.      Denied.

10.     Admitted.

11.     Admitted.

12.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

13.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

14.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

15.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

16.     Admitted.

17.     Admitted.

18.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

19.     The allegations in this paragraph contain a conclusion of law to which no response is required.  By way of further response, the allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  To the extent a response is required, the allegations in this paragraph are denied.

20.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

21.     The allegations in this paragraph contain a conclusion of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

22.     Denied.

23.     The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent that any of the allegations in this paragraph are directed at Cooper, such allegations are denied.  By way of further response, Cooper is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph.

24.     The allegations in this paragraph are not directed at Cooper and therefore no response is required.  To the extent a response is required, Cooper is without sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph.

25.     The allegations in this paragraph contain a conclusion of law to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

26.     The allegations in this paragraph purport to paraphrase and/or characterize a document which speaks for itself.  By way of further response, the allegations in this paragraph are denied.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNTERCLAIM COUNT ONE – BREACH OF CONTRACT

30.     Cooper hereby incorporates its responses to the previous allegations of the Counterclaim as if set forth at length herein.

31.     The allegations in this paragraph contain a conclusion of law to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

32.     The allegations in this paragraph contain a conclusion of law to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

33.     The allegations in this paragraph contain a conclusion of law to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

34.     The allegations in this paragraph contain a conclusion of law to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

35.     Denied.

**WHEREFORE**, Cooper demands judgment in its favor dismissing Maxis and Trinity's Counterclaim with prejudice, along with an award of attorneys' fees, costs of suit, and any other relief that the Court deems equitable and just.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     Maxis and Trinity's Counterclaim is barred on the basis of lack of jurisdiction over Cooper, improper venue, insufficiency of process, and/or insufficiency of service of process.

2.     Maxis and Trinity's Counterclaim fails to state a claim upon which relief may be granted.

3.      Maxis and Trinity's Counterclaim is barred by the applicable statute of limitations.

4.      Maxis and Trinity's Counterclaim is barred by the doctrines of *res judicata* and/or issue preclusion.

5.      Maxis and Trinity's Counterclaim is frivolous in nature and/or asserted in bad faith.

6.      Maxis and Trinity's Counterclaim is barred by the doctrines of waiver, estoppel, payment, ratification, lack of consideration, release, preemption, final payment, accord and satisfaction, set-off, recoupment, failure of consideration, unconscionability, impossibility, indefinability, illegality, and/or laches.

7.      Maxis and Trinity's Counterclaim is barred by the statute of frauds.

8.      Maxis and Trinity's Counterclaim is barred by the terms of agreements that may govern the subject matter of this action.

9.      Maxis and Trinity's Counterclaim is barred by virtue of their own breach of contracts and/or failure of performance.

10.     Maxis and Trinity's Counterclaim is barred by virtue of their own unethical conduct, unlawful behavior, bad faith behavior, fraud, deceit, and/or misconduct.

11.     Maxis and Trinity's Counterclaim is barred by the doctrine of unclean hands.

12.     Maxis and Trinity's Counterclaim fails because Cooper did not breach any contract with Maxis and/or Trinity.

13.     Any actions or inactions by Cooper, as alleged in Maxis and Trinity's Counterclaim, do not constitute a breach of any contract or agreement.

14.     At all relevant times, Cooper exercised ordinary care, acted reasonably and in good faith, acted in compliance with all applicable laws, rules, regulations, and standards, violated no duty, contractual, statutory, or otherwise, which was owed to Maxis and/or Trinity, and did not interfere with any relationships or opportunities of Maxis and/or Trinity, whether contractual or otherwise.

15.     Maxis and Trinity have sustained no damages and/or any damages alleged were caused by their own conduct and/or the conduct of third parties over which Cooper had no control.

16.     Maxis and Trinity have unreasonably failed to mitigate any alleged damages.

## RESERVATION OF RIGHTS

Cooper hereby reserves the right prior to, at, or after trial to interpose any additional objections and/or further defenses to Maxis and Trinity's Counterclaim.

## REQUEST FOR STATEMENT OF DAMAGES CLAIMED

Pursuant to L. Civ. R. 8.1, Cooper hereby requests a written statement of the amount of damages claimed as to the allegations in Maxis and Trinity's Counterclaim within fourteen (14) days of the date of service of this pleading.

## DESIGNATION OF TRIAL COUNSEL

William M. Tambussi, Esquire is hereby designated as trial counsel for Cooper in the above-captioned matter on all claims.

BROWN & CONNERY, LLP
Westmont, NJ 08108

## JURY DEMAND

Cooper hereby demands a trial by jury in the above-captioned matter on all claims.

BROWN & CONNERY, LLP

Dated: February 28, 2018          By: _William M. Tambussi_

William M. Tambussi, Esquire
Jonathan L. Triantos, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
Phone: (856) 854-8900
Fax: (856) 858-4967
Email: wtambussi@brownconnery.com
Email: jtriantos@brownconnery.com

**COZEN O'CONNOR, P.C.**
James H. Heller, Esquire
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Phone: (215) 665-2000
Fax: (215) 665-2013
Email: jimheller@cozen.com

*Attorneys for The Cooper Health System*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy in this action is not the subject of any other action pending or contemplated in any court, or of any pending or contemplated arbitration or administrative proceeding.  I further certify that there are no additional known parties who should be joined in the present action at this time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.


Dated:  February 28, 2018                           By: *Jonathan L. Triantos*
                                                         Jonathan L. Triantos, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing

Answer to the Counterclaim with Separate and Affirmative Defenses and Jury Demand to

be filed and served, in the manner indicated below, to the following:

Clerk
**United States District Court for the District of New Jersey**
Mitchell H. Cohen Building & U.S. Courthouse
1 John F. Gerry Plaza
Fourth and Cooper Streets
Camden, NJ 08101
*(Via electronic filing)*

Honorable Renee Marie Bumb, U.S.D.J.
**United States District Court for the District of New Jersey**
Mitchell H. Cohen Building & U.S. Courthouse
1 John F. Gerry Plaza
Fourth and Cooper Streets
Camden, NJ 08101
*(Via hand delivery – courtesy copy)*

Gerald E. Burns, Esquire
Christopher J. Dalton, Esquire
Argia J. DiMarco, Esquire
**Buchanan Ingersoll & Rooney PC**
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
*(Via electronic filing)*

I hereby certify that the foregoing statements made by me are true. I am aware

that if any of the foregoing statements made by me are willfully false, I may be subject to

punishment.


Dated: February 28, 2018                    By: *Jonathan L. Triantos*
                                                  Jonathan L. Triantos, Esquire

BROWN & CONNERY, LLP
Westmont, NJ 08108

11