# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

William M. Tambussi, Esq.
wtambussi@brownconnery.com

Jonathan L. Triantos, Esq.
jtriantos@brownconnery.com

September 12, 2018

**VIA ELECTRONIC FILING**
Honorable Anne Marie Donio, U.S.M.J.
Mitchell H. Cohen Federal Courthouse
1 John F. Gerry Plaza
4th & Cooper Streets
Camden, New Jersey 08101

> Re: **The Cooper Health System v. Maxis Health System**
> **Civil Action No.: 1:18-CV-00702-RMB-AMD**

Dear Judge Donio:

    We represent Plaintiff/Counterclaim Defendant, The Cooper Health System, a New Jersey Non-Profit Corporation ("Cooper"), in the above-referenced action. Please accept this correspondence in response to the September 6, 2018 correspondence from Defendant/Counterclaim Plaintiff, Maxis Health System ("Maxis") and Counterclaim Plaintiff, Trinity Health ("Trinity").

    In their correspondence, Maxis and Trinity correctly point out that Cooper has waived the attorney-client privilege in this matter with respect to the December 1, 2017 Memorandum of Gary J. Lesneski, Esq., Senior Executive Vice President and General Counsel of Cooper, regarding the five (5) Due Diligence Issues and Maxis' inability to mitigate the five (5) Due Diligence Issues ("Lesneski Memo"), as well as the November 29, 2017 "draft" of the Lesneski Memo.[1] However, Maxis and Trinity incorrectly assert that "Cooper has improperly asserted privilege as to numerous other documents relating to the subjects of the Lesneski Memo."

    When a disclosure waives privilege or work-product protection, that waiver will extend to undisclosed documents or communication if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness be considered together. Fed. R. Evid. 502(a); see also Shire LLC v. Amneal Pharm., LLC, 2:11-CV-03781, 2014 WL 1509238, at *6 (D.N.J. Jan. 10, 2014). The

---

[1] The Lesneski Memo is attached hereto as Exhibit A.

**BROWN & CONNERY, LLP**

September 12, 2018
Page 2

Explanatory Note to this Rule provides that "a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502, advisory committee's note. Consequently, a subject matter waiver is found "when the privilege-holder has attempted to use the privilege as both a 'sword' and 'a shield' or when the party attacking the privilege will be prejudiced at trial." Shire, 2014 WL 1509238, at *6 (citing Koch Materials Co. v. Shore Slurry Seal, Inc., 208 F.R.D. 109, 120 (D.N.J. 2002)).

As your Honor is aware, Cooper was forced to bring this action to enforce its rights under the Letter of Intent ("LOI") between Cooper and Maxis to recover Cooper's payment of $15 million held in escrow, together with all accumulated interest, which Maxis has wrongfully refused to release. Cooper is entitled to its payment of $15 million held in escrow, together with all accumulated interest, because it decided not to proceed with the proposed transaction due to the identification of five (5) Due Diligence Issues, as defined by the LOI, which Maxis could not and did not mitigate.

More specifically, during the due diligence process, Cooper identified and provided notice to Maxis of the five (5) Due Diligence Issues, and had continuing communications with Maxis regarding same. Based on these communications and the documents and information exchanged between Cooper and Maxis regarding the five (5) Due Diligence Issues, Mr. Lesneski, with the assistance of Mr. McCarthy, drafted and subsequently finalized the Lesneski Memo. On December 6, 2017, the Lesneski Memo was presented to the working group of the Cooper Board of Trustees, which, based on the Lesneski Memo, decided not to proceed with the proposed transaction.

All of the abovementioned communications, documents, and information—which were utilized and relied on to draft and finalize the Lesneski Memo—were already produced by Cooper in this litigation and no privilege has been asserted as to these documents. By way of example, Cooper produced numerous e-mails from Maxis to Cooper wherein Maxis informed Cooper of the CNCS Grant Issue, the DSH Issue, and the 340B Issue, and Cooper produced the subsequent communications between the parties regarding same. Likewise, Cooper produced numerous e-mails from Cooper to Maxis wherein Cooper provided notice to Maxis of the Management Agreement Issue and the Gonnelli Litigation Issue, and Cooper produced the subsequent communications between the parties regarding same.

In addition, Cooper produced and did not assert a privilege as to two (2) separate e-mails that followed the presentation of the Lesneski Memo to the working group of the Board of Trustees, wherein Mr. Lesneski provided an update to the working group of the Board of Trustees regarding the DHS Issue and confirmed with Kevin O'Dowd, Co-President of Cooper, Maxis' inability to mitigate the five (5) Due Diligence Issues. Indeed, no privilege has been asserted as to any other communications between Mr. Lesneski and the working group of the

**BROWN & CONNERY, LLP**

September 12, 2018
Page 3

Board of Trustees, Mr. O'Dowd, or any other Cooper representative regarding the five (5) Due Diligence Issues.

Accordingly, Cooper is not attempting to use its limited waiver of the attorney-client privilege as both a sword and shield as Maxis and Trinity contend. Rather, Cooper has fully complied with its discovery obligations in producing the Lesneski Memo, a draft of the Lesneski Memo, all of the communications, documents, and information between Cooper and Maxis regarding the subject matter of the Lesneski Memo, and the follow-up e-mails regarding the subject matter of the Lesneski Memo. These documents prove that Cooper is entitled to recovery of the $15 million held in escrow, together with all accumulated interest.

We look forward to discussing this issue further during the upcoming telephone conference with Your Honor.

Respectfully submitted,

**BROWN & CONNERY, LLP**

s/ *William M. Tambussi*

William M. Tambussi

Enclosure

cc:   Gerald E. Burns, Esq. (*via electronic filing*)
      Christopher J. Dalton, Esq. (*via electronic filing*)
      Argia J. DiMarco, Esq. (*via electronic filing*)