IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE COOPER HEALTH SYSTEM,<br><br>    Plaintiff,<br><br>        v.<br><br>MAXIS HEALTH SYSTEM,<br><br>    Defendant. | Civil No. 18-702 (RMB/AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

      This matter comes before the Court upon the Motion to Compel filed by Defendant / Counterclaimant Maxis Health System.  The Court has reviewed the parties' briefs [Docket #s 81, 87, 91] and held oral argument on the motion on May 30, 2019.  After the parties were unable to resolve among themselves the remaining disputes concerning the scope of Plaintiff Cooper Health System's attorney-client privilege waiver as it relates to primarily the Lesneski memo[1], the parties filed additional letter briefs [Docket #s 160, 165] which the Court has carefully considered.

      It is undisputed that Cooper "has waived the attorney-client privilege with respect to the subject matter of the Lesneski Memo." [Cooper's Letter Brief, Docket #165, p. 4]  The issue is

---

      [1] All of the communications for which Cooper has waived the privilege--the Lesneski memo, drafts of the memo, and two emails--are catalogued in Maxis' letter brief at Docket Entry 160, p. 2-3.

1

the scope of that waiver.  Maxis asserts the waiver is broad, contending that Maxis is entitled to all documents and testimony *relating to* the subject matter of the Lesneski Memo.  Cooper, on the other hand, asserts that the waiver is narrower, contending that Cooper must only produce all documents *upon which Lesneski relied* in formulating the legal opinions set forth in the memo, or any documents which *formed the basis for* Cooper's decision to withdraw from the transaction.

In re Teleglobe Communications Corp., upon which Cooper relies, states that, in determining the scope of an attorney-client privilege waiver, fairness is the touchstone consideration. 493 F.3d 345, 361 (3d Cir. 2007)("[C]ourts do not imply a broader waiver than necessary to ensure that all parties are treated fairly.").  Fairness, in the context of this particular case, requires a more fulsome disclosure than Cooper has provided thus far.  Consistent with the fundamental principle that a party may not use the attorney-client privilege as both a sword and a shield, see Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 164 (3d Cir. 2010), the Court holds that Cooper may not withhold, on the basis of attorney-client privilege, evidence relevant to whether the Due Diligence issues discussed in the Lesneski Memo were *bona fide*, or whether the identified issues were pretext for some other reason (or reasons) for withdrawing from the transaction.  In other words, Cooper must produce more than just the documents upon which Lesneski relied.  To hold

2

otherwise would be to unduly and unfairly restrict Maxis' ability to probe all of the reasons-- disclosed by the Lesneski Memo or otherwise-- why Cooper withdrew from the transaction. Accordingly,

**IT IS** on this **19th** day of **March 2020**, hereby **ORDERED** that:

Maxis' Motion to Compel [Dkt #81] is **GRANTED** to the extent set forth above. If the parties dispute how the foregoing ruling applies to certain evidence, the parties shall seek from Magistrate Judge Donio an in-camera review and ruling as to the disputed document.

s/ Renée Marie Bumb
_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Ann Marie Donio